

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
**EDGAR ROSE,**

                Plaintiff,

      - against -

**THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTION,**

                Defendants.
----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19 Civ. 3968 (AMD) (PK)

**ANN DONNELLY,** District Judge.

The *pro se* plaintiff, Edgar Rose, a pretrial detainee held at Rikers Island, filed this action alleging a violation of his constitutional rights. The Court grants the plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. Section 1915. For the reasons discussed below, the complaint is dismissed for failure to state a claim. The plaintiff is granted leave to submit an amended complaint within 30 days of the date of this order.

## BACKGROUND

The following factual allegations are taken from the complaint (ECF No. 1), and are assumed to be true for the purpose of this order. On June 13, 2019, at 6:30 p.m., a special search team searched the plaintiff's housing unit at Rikers Island. (ECF No. 1 at 16.)[1] The team also ordered the plaintiff and other detainees to report to the bathroom for a body cavity search. (*Id.*) The plaintiff informed one of the team members, Officer Brown, that he was "[M]uslim as listed on his inmate tracking bracelet," and that it was "against his religious beliefs" to show his body

---

[1] The complaint consists of handwritten entries on a form complaint and addenda that are not consecutively paginated. The Court refers to the pages assigned by the Electronic Case Filing system.

1

parts to another man or in view of women. (*Id.*) The plaintiff alleges that Officer Brown ordered him to strip and told him that he was "the property of DOC" and "ha[d] no rights." (*Id.* at 16-17.)

The plaintiff called 3-1-1 to complain. (*Id.* at 18.) He also filed a grievance with DOC in which he requested "not to be strip [sic] naked for all to see to be taken to a [sic] area equip [sic] to deal with strips." (*Id.* at 13.)

The plaintiff asserts that the incident is actionable as an invasion of privacy and other intentional torts, and that it violated his constitutional rights. (*Id.* at 14-17.) He seeks damages in the amount of $20,004.00. (*Id.* at 17.)

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

The Prisoner Litigation Reform Act requires the district court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The inmate's complaint must be dismissed *sua sponte* if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Moreover, under 28 U.S.C. Section 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The plaintiff's complaint alleges a violation of his constitutional rights. (ECF No. 1 at 15.) "Section 1983 provides a federal remedy for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Golden State Transit Corp v. City of Los Angeles*, 493 U.S. 103, 105 (1989) (quoting 42 U.S.C. § 1983). In order to maintain a Section 1983 action, a plaintiff must allege two elements: first, "the conduct complained of must have been committed by a person acting under color of state law," and second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

The plaintiff names Officer Brown, the City of New York, and the DOC as the defendants in this action.[2] The plaintiff alleges that Officer Brown "handled" the search, but did not plead facts sufficient to show that the search was invalid under the Constitution. Strip searches of pretrial detainees and inmates are "constitutionally valid if they are reasonably related to a legitimate penological interest." *Perez v. Ponte*, 236 F. Supp.3d 590, 622 (E.D.N.Y. 2017) (internal quotation marks and citations omitted), *report and recommendation adopted*, No. 16-CV-645, 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017). By contrast, strip searches are unconstitutional if they are "unrelated to any legitimate penological goal or if it is designed to

---

[2] The plaintiff identifies Officer Brown (badge no. 1025) as the officer that "handled" the alleged unconstitutional search (ECF No. 1 at 18), but does not list him in the caption or name him as a defendant in his complaint. The plaintiff will have the opportunity to amend his caption and serve Officer Brown under Fed. R. Civ. P. 15, *see Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir. 1983), so I address the merits of the plaintiff's claim against Officer Brown in this order.

intimidate, harass, or punish." *Holland v. City of New York*, 197 F. Supp. 3d 529, 542-43 (S.D.N.Y. 2016) (quoting *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006) (internal quotation marks omitted). In determining the overall reasonableness of a strip search, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Subjective feelings of humiliation and embarrassment, "in and of themselves, will generally not transform an otherwise reasonable search into one that is unreasonable." *Perez*, 236 F. Supp .3d at 623.

The plaintiff does not adequately plead a constitutional violation pursuant to 42 U.S.C. Section 1983 because he has not shown that the search was unreasonable. The plaintiff does not allege that the strip search was conducted for an illegitimate purpose or that it was designed to intimidate, harass, or punish him. Instead, the gravamen of the plaintiff's complaint is that the strip search "humiliated and emotionally disrespected [him]" (ECF No. 1 at 16) because it is against his religious beliefs to show his body parts to another man or in view of women. (*Id.*) That allegation alone does not transform a reasonable search into a constitutional violation. *See, e.g., Pizarro v. Board of Correction*, No. 16-cv-2418, 2018 WL 3462512, at *5 (S.D.N.Y. July 17, 2018) ("[C]ourts in this District have consistently rejected claims that standard strip searches violate the First Amendment rights of Muslim inmates whose religion might forbid them from being seen naked by other individuals.") (collecting cases); *Montgomery v. Hall*, No. 11-CV-4645, 2013 WL 1982920, at *1 (S.D.N.Y. May 15, 2013) ("Case law reflects that the constitutionality of a strip search is not negated by the presence of other inmates and employees of the facility—of either sex—during the search.") (collecting cases), *report and recommendation*

4

*adopted*, No. 11-CV-4645, 2013 WL 3816707 (S.D.N.Y. July 22, 2013). Accordingly, the claim against Officer Brown is dismissed.

The plaintiff's municipal liability claim is dismissed because the plaintiff has failed to allege that there was a policy, custom, or practice connected to the officer's alleged unconstitutional act. In order to sustain a Section 1983 claim against a municipal defendant, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

For the reasons previously stated, the plaintiff has not alleged a constitutional violation. Thus, the plaintiff's *Monell* claim fails as a matter of law. *See Johnson v. City of New York*, 551 F. App'x. 14, 15 (2d. Cir. 2014) ("Because he has not alleged a valid underlying constitutional deprivation, his claim against New York City pursuant to *Monell*...must also fail."). Even if there were a constitutional violation, the plaintiff did not meet his burden to sustain a *Monell* claim. A custom or policy is established "in one of four ways: by alleging the existence of: (1) a formal policy; (2) action taken or decisions made by policymakers that caused the violation [alleged]; (3) a practice so persistent and widespread that it constitutes a 'custom or usage;' or (4) a failure to properly train or supervise municipal employees." *Byvalets v. New York City Hous. Auth.*, No. 16–CV–6785, 2017 WL 7793638, at *14 (E.D.N.Y. July 28, 2017) (citing *White v. City of N.Y.*, 206 F. Supp. 3d 920, 937 (S.D.N.Y. 2016) (citation omitted)), *report and recommendation adopted*, No. 16–CV–6785, 2018 WL 1067732 (E.D.N.Y. Feb. 23, 2018).

The plaintiff has not alleged that illegal strip search practices were persistent and widespread. Instead, the plaintiff asserts that the City of New York is liable for the same act underlying the Section 1983 claim against Officer Brown. A single incident of alleged

wrongdoing by a non-policymaker, however, is not enough to sustain a Section 1983 claim against a municipality. *See Treadwell v. County of Putnam*, No. 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016); *Sorlucco v. New York City Police Dept.*, 971 F.2d 864, 870 (S.D.N.Y. 1992) (noting that a "municipal agency may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees.") The plaintiff must show that the unconstitutional practice is so widespread and persistent that it can be imputed to the municipality as a "custom or usage."

Finally, the plaintiff names the DOC as a defendant in this action. However, the DOC is an agency of the City of New York, and thus cannot be sued. *See* N.Y.C. Admin. Code & Charter Ch. 17 § 396 ("All actions . . . for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency."); *see also Reyes v. City of New York*, No. 16-cv-823, 2016 WL 1588503, at *2 (E.D.N.Y. Apr. 18, 2016) (NYC departments and agencies lack the capacity to be sued). Because the DOC lacks an independent legal existence and is not a suable entity, the plaintiff's claim against the DOC is dismissed.

## **LEAVE TO AMEND**

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this Memorandum and Order. If the plaintiff chooses to file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional rights and name the individual officers responsible for the alleged violation. The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure as it must "plead enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. The plaintiff is advised that the amended complaint will completely replace the

Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's constitutional claims against Officer Brown, the City of New York, and the DOC are dismissed pursuant to 28 U.S.C. Section 1915A and 28 U.S.C. Section 1915(e)(2)(B). The Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. If the plaintiff fails to file an amended complaint within 30 days, the Complaint will be dismissed and judgment will enter. No summonses will issue at this time, and all further proceedings will be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
August 2, 2019